UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Arno KUNTZ,
Defendant–Appellant.

No. 89–2182.

United States Court of Appeals,
Tenth Circuit.

July 16, 1990.

Charles Louis Roberts, El Paso, Tex., for defendant-appellant.

Rhonda P. Backinoff, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with her on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, LOGAN and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

In this appeal, defendant Robert Arno Kuntz challenges the constitutionality of section 5K1.1 of the federal sentencing guidelines. Defendant also alleges that the court below erred in not conducting a presentence evidentiary hearing on his claim of diminished capacity, and that he was denied effective assistance of counsel at sentencing. We uphold the challenged guidelines section and affirm the sentence.

I

After defendant was indicted on one count of possession with intent to distribute *more* than one hundred kilograms of marijuana, he entered into a Memorandum of Understanding Regarding Guilty Plea with the prosecution, pursuant to which he entered a plea of guilty to an information charging him with possession with intent to distribute *less* than one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). · The Memorandum of Understanding provided "that the defendant and the United States agree that if the defendant assists the United States that such assistance will be evaluated to determine whether a motion for departure downward is appropriate pursuant to 5K1.1 of the Sentencing Guidelines." I R. tab 17 ¶ 4. The government never filed a motion to depart downward.

When the case came before the district court for sentencing, defense counsel argued *in camera* that defendant's willingness to cooperate with the prosecution should be considered. In open court, defense counsel presented evidence designed to show that defendant suffered from diminished capacity at the time of the offense.

The court found that there was no need for a further evidentiary hearing and proceeded to sentencing. It accepted a stipulation in the Memorandum of Understanding that defendant was entitled to a reduction of two offense levels for acceptance of responsibility, *see* United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov. 1989) (hereinafter U.S.S. G.), and sentenced defendant to sixty-three months in prison, the maximum sentence for defendant's adjusted offense level of twenty-four and criminal history category of I.

This appeal followed.

II

█ The government argues that this court lacks jurisdiction to consider defendant's challenge to section 5K1.1 of the guidelines. We have held that "when a sentence is within the guideline range and is not imposed in violation of law, or as a result of an incorrect application of the guidelines, then the district court's refusal

to exercise its discretion to depart downward from the guideline range is not appealable." *United States v. Davis*, 900 F.2d 1524, 1530 (10th Cir.1990) (footnotes omitted). Nonetheless, we conclude that we have jurisdiction to hear this appeal, because the challenge is not to the judge's exercise of discretion under the statutory sentencing framework but to the constitutionality of the framework itself. The appeal is from a sentence allegedly "imposed in violation of law" under § 3742(a)(1), and is therefore properly before us. *United States v. La Guardia*, 902 F.2d 1010, 1012 (1st Cir.1990).

■ Section 5K1.1 provides that *"[u]pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (emphasis added). The section implements 18 U.S.C. § 3553(e), which provides that *"[u]pon motion of the Government*, the court shall have authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." (emphasis added).

By their express terms, these provisions condition the district court's consideration of defendant's substantial assistance claim upon a prior motion of the government. Defendant's argument is that the government motion provision of section 5K1.1 violates due process because the "decision by the Government [whether to file a motion] is not monitored or capable of being monitored by the trial court on hearing or the Appellate Court on review." Brief for Appellant at 14–15.

Defendant's argument appears to be based on the premise that sentencing is an inherently discretionary judicial function. We rejected that premise in *United States v. Thomas*, 884 F.2d 540, 543 (10th Cir. 1989). Moreover, "Congress' power to control judicial sentencing discretion includes the power to specify the factors that a court may consider in setting a sentence." *La Guardia*, 902 F.2d at 1015. Thus, Congress could have completely precluded the courts from considering defendant's assistance to the prosecution in setting the sentence. As the Eleventh Circuit held with respect to the government motion provision in section 3553(e), which this guideline implements, "[a]ppellant[ ] certainly ha[s] no constitutional right to the availability of the 'substantial assistance' provision, and hence no grounds upon which to challenge Congress' manner of enacting it." *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).

We reject the argument that due process requires judicial review of a prosecutor's decision not to file a section 5K1.1 motion. *Cf. United States v. Huerta*, 878 F.2d 89, 94 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 845 (1990) (rejecting same argument with respect to section 3553(e) motions). We do not preclude the possibility that "[p]erhaps in an egregious case—a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief—the court would be justified in taking some corrective action." *La Guardia*, 902 F.2d at 1017. We do not have such a situation before us. Further, such a case should be rare because

> "[t]here are significant institutional incentives for the prosecution to exercise sound judgment and to act in good faith in deciding whether to make a § 3553(e) [and § 5K1.1] motion. The government has an interest in encouraging defendants to cooperate with law enforcement efforts. The reasonable use of substantial assistance motions for those who cooperate will make others more likely to do so in the future. In addition, because promises to make such motions are analogous to plea agreements, a defendant would likely not be without recourse in the case of a breach by the government."

*Huerta*, 878 F.2d at 93.

Defendant also urges that the government motion provision violates the separation of powers. This argument is merely a variant of the due process claim, and we reject it for the same reasons. *See also id.* at 91–93.

Thus we conclude that section 5K1.1 of the Sentencing Guidelines is constitutional. *Accord La Guardia*, 902 F.2d at 1018; *United States v. Lewis*, 896 F.2d 246, 249

(7th Cir.1990); *United States v. Francois,* 889 F.2d 1341, 1344 (4th Cir.1989), *cert. denied,* — U.S. — , 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990); *United States v. Grant,* 886 F.2d 1513, 1514 (8th Cir.1989); *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989), *cert. denied,* — U.S. — , 110 S.Ct. 847, 107 L.Ed.2d 841 (1990); *cf. Huerta,* 878 F.2d at 94 (§ 3553(e)); *Musser,* 856 F.2d at 1487 (same).

### III

Defendant argues that the district court erred in failing to order an evidentiary hearing on the issue of defendant's mental capacity at the time of the offense. Diminished capacity is an appropriate ground for downward departure from the guidelines. *See* U.S.S.G. § 5K2.13 p.s. at 5.47. We have not considered whether, given that the sentencing court's discretionary decision not to depart from the guidelines is unreviewable, the court's refusal to order an evidentiary hearing on an issue relevant to a possible departure is reviewable. We do not reach this question today, however, because no request for an evidentiary hearing was made to the sentencing court. Accordingly, defendant has waived whatever procedural objection he may have had. *See United States v. Velasquez,* 868 F.2d 714, 715 (5th Cir.1989).

### IV

Finally, defendant claims that he was denied effective assistance of counsel at sentencing. Defendant asserts that his appointed counsel should have presented defendant's substantial assistance and diminished capacity claims in "more detail," "in writing," and earlier in the proceeding, Brief for Appellant at 30; but he does not suggest that there is any relevant evidence that was not presented to the court in timely fashion. Similarly, defendant urges that his counsel should have objected in writing to the presentence report and objected "more strongly" when the judge "refused" to hold an evidentiary hearing on diminished capacity, *id.;* but, again, he does not argue that any relevant objection was not made, or that any evidence would have been offered at an evidentiary hear-

ing that is not already in the record. This claim is clearly frivolous.

AFFIRMED.