**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas Michael SORENSEN,
Defendant–Appellant.**

Nos. 89–2253, 89–2255.

United States Court of Appeals,
Tenth Circuit.

Sept. 21, 1990.

William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Tova Indritz, Federal Public Defender, and Peter Schoenburg and Stephen P. McCue, Asst. Federal Public Defenders, Albuquerque, N.M., for defendant-appellant.

Before MOORE, ANDERSON and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Thomas Sorensen was charged in two separate indictments with various drug related crimes. Pursuant to a plea agreement, Sorensen pled guilty to one count in the first indictment charging him with carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). As a part of the plea agreement, Sorensen also pled guilty to one count in a second indictment charging him with willfully maintaining a place for the purpose of distributing and using cocaine, in violation of 21 U.S.C. § 856(a) and 18 U.S.C. § 2. In return, the other charges in the two indictments were dismissed.

In a Memorandum of Understanding entered into in connection with Sorensen's plea of guilty to the charge of carrying and using a firearm in relation to a drug trafficking crime, the government made no agreement as to sentencing, reserving the right to make known to the probation service, for inclusion in the presentence report, "any information which the government believes may be helpful to the Court."

In a Memorandum of Understanding entered into in connection with Sorensen's plea of guilty to the charge in the second indictment of maintaining a place for the distribution and use of cocaine, the government agreed to certain nonbinding recommendations to the court concerning Sorensen's sentence. Specifically, the government agreed that Sorensen had clearly demonstrated a recognition and acceptance of personal responsibility for his conduct, that he was a "minor participant" in the criminal activity alleged in the indictment, and that the court should not depart "upward" in determining Sorensen's base offense level.

We note at this point that neither Memorandum of Understanding contained a provision that the government would file with

the district court a motion under 18 U.S.C. § 3553(e).[1]

18 U.S.C. § 924(c)(1) provides, in part, that a person who uses a firearm in relation to any drug trafficking crime shall, in addition to any other sentence, be sentenced to imprisonment for five years. The government did not file any motion under 18 U.S.C. § 3553(e), and, accordingly, Sorensen was sentenced to five years imprisonment on his plea of guilty to carrying and using a firearm in relation to a drug trafficking charge. He was also sentenced to six months imprisonment on his plea of guilty to the count in the second indictment charging him with maintaining a place for the distribution and use of cocaine. The two sentences were to be served consecutively.

Prior to sentencing, however, Sorensen filed with the district court a Motion for Court Ordered Departure Pursuant to 18 U.S.C. § 3553(e), asking the district court to enter an order requiring the government to file a written motion, pursuant to 18 U.S.C. § 3553(e), moving the court to depart *below* the sentence of five years required by 18 U.S.C. § 924(c)(1) because of Sorensen's "substantial assistance in the investigation or prosecution of another person who has committed an offense."

In opposition to Sorensen's motion, the government filed a motion which stated the reasons why the government declined to file such motion. Specifically, the government stated that Sorensen was nothing more than a "cooperative arrestee," that his cooperation did not lead to the arrest of another, and that Sorensen received "other benefits" as a result of the plea agreement.

As indicated, the district court, in effect, denied Sorensen's motion that the government be required to file a motion under 18 U.S.C. § 3553(e) and sentenced Sorensen to five years imprisonment on his plea of guilty to carrying and using a firearm in

relation to a drug trafficking crime, such sentence to be in addition to the six months sentence imposed on Sorensen's plea of guilty to maintaining a place for the distribution and use of cocaine. Sorensen appeals the sentences thus imposed. We affirm.

On appeal, Sorensen raises four issues: (1) 18 U.S.C. § 3553(e) allows for judicial review of the government's decision *not* to file a motion for the imposition of a sentence below a statutory minimum sentence; (2) 18 U.S.C. § 3553(e) violates substantive due process in that it allows a court to sentence below the statutory minimum sentence *only* upon the filing of a motion by the government; (3) 18 U.S.C. § 3553(e) violates procedural due process if there is no judicial review of the government's decision *not* to file a motion; and (4) the government's decision in the instant case not to file a motion under 18 U.S.C. § 3553(e) was arbitrary, unfair and in bad faith.

■ The parties agree that ours is a *de novo* review. At the outset we note that in the Memorandum of Understanding the government did *not* agree that it would file a motion under 18 U.S.C. § 3553(e), nor did it even agree to "consider" the filing of such motion if Sorensen gave assistance to the government. This, then, is not an instance where the government has allegedly reneged on a promise made by it to a defendant and embodied in the plea bargain.

Further, we also note that apparently the "substantial assistance" which Sorensen claims he gave to the government occurred *prior* to the Memorandum of Understanding. In this regard, we learn from the record that the Albuquerque police had made an undercover purchase of drugs at the home of one Leonard Bromberg, and as a result of that sale the police had obtained

---

1. 18 U.S.C. § 3553(e) reads as follows:

(e) Limited authority to impose a sentence below a statutory minimum.—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assist-

ance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

a search warrant for Bromberg's home and had placed a surveillance on the home. During the afternoon of April 5, 1989, Sorensen was observed driving to Bromberg's residence, entering the house, and exiting soon thereafter. Shortly after he drove away from Bromberg's home, Sorensen was stopped by the police. A consent search of his car and his brief case disclosed 61.14 grams of cocaine, 16 bags with cocaine residue, and a pistol.

Sorensen was cooperative with the arresting officers and said that indeed Bromberg had just "fronted him" with two ounces of cocaine. At that time, Sorensen indicated he would assist the police in making their arrest of Bromberg, the police being fearful that Bromberg was armed. Sorensen advised the police that Bromberg was, in fact, armed. Further, at the suggestion of the police, Sorensen made two phone calls to Bromberg in an effort to lure Bromberg out of his residence. Bromberg, however, insisted he was too sick to leave. When these efforts failed, a SWAT team was called to the scene. Sorensen advised the SWAT team of the location of Bromberg's firearm and the security devices in the house. At about 9:00 p.m. on April 5, 1989, the officers made a forced entrance into Bromberg's home and arrested him without incident. So far as we can tell from the record, such was the extent of any "assistance" given by Sorensen.

Much of Sorensen's argument has been rejected in a very recent decision by this court in *United States v. Kuntz*, 908 F.2d 655 (10th Cir.1990). In *Kuntz*, we were concerned with section 5K1.1 of the federal sentencing guidelines, which implements 18 U.S.C. § 3553(e) and reads as follows:

"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

In *Kuntz*, under a Memorandum of Understanding, the defendant agreed to plead guilty, and the government agreed, *inter alia*, "that if the defendant assists the United States that such assistance will be evaluated to determine whether a motion for departure downward is appropriate pursuant to 5K1.1 of the Sentencing Guidelines." 908 F.2d at 656. The government did not file any motion, and at sentencing defense counsel argued that the defendant had in fact cooperated with the government and that there should be a downward departure from the guidelines. That argument was rejected by the district court.

On appeal, Kuntz argued that, for various reasons, section 5K1.1 violates the due process clause. In rejecting that argument, and affirming the district court, we spoke as follows:

By their express terms, these provisions [18 U.S.C. § 3553(e) and section 5K1.1] condition the district court's consideration of defendant's substantial assistance claim upon a prior motion of the government. Defendant's argument is that the government motion provision of section 5K1.1 violates due process because the "decision by the Government [whether to file a motion] is not monitored or capable of being monitored by the trial court on hearing or the Appellate Court on review." Brief for Appellant at 14–15.

Defendant's argument appears to be based on the premise that sentencing is an inherently discretionary judicial function. We rejected that premise in *United States v. Thomas*, 884 F.2d 540, 543 (10th Cir.1989). Moreover, "Congress' power to control judicial sentencing discretion includes the power to specify the factors that a court may consider in setting a sentence." [*United States v.*] *La Guardia*, 902 F.2d [1010] at 1015 [ (1st Cir.1990) ]. Thus, Congress could have completely precluded the courts from considering defendant's assistance to the prosecution in setting the sentence. As the Eleventh Circuit held with respect to the government motion provision in section 3553(e), which this guideline implements, "[a]ppellant[ ] certainly ha[s] no constitutional right to the availability of the 'substantial assistance' provision, and hence no grounds upon which to challenge Congress' manner of enacting it." *United States v. Musser*, 856 F.2d 1484,

1487 (11th Cir.1988), *cert. denied* [489 U.S. 1022], 109 S.Ct. 1145 [103 L.Ed.2d 205] (1989).

We reject the argument that due process requires judicial review of a prosecutor's decision not to file a section 5K1.1 motion. *Cf. United States v. Huerta*, 878 F.2d 89, 94 (2d Cir.1989), *cert. denied*, [—— U.S. ——], 110 S.Ct. 845 [107 L.Ed.2d 839] (1990) (rejecting same argument with respect to section 3553(e) motions). We do not preclude the possibility that "[p]erhaps in an egregious case—a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief—the court would be justified in taking some corrective action." *La Guardia*, 902 F.2d at 1017. We do not have such a situation before us. Further, such a case should be rare because "[t]here are significant institutional incentives for the prosecution to exercise sound judgment and to act in good faith in deciding whether to make a § 3553(e) [and § 5K1.1] motion. The government has an interest in encouraging defendants to cooperate with law enforcement efforts. The reasonable use of substantial assistance motions for those who cooperate will make others more likely to do so in the future. In addition, because promises to make such motions are analogous to plea agreements, a defendant would likely not be without recourse in the case of a breach by the government." *Huerta*, 878 F.2d at 93.

*Kuntz*, 908 F.2d at 657.

Suffice it to say, the present case is not the "egregious case" referred to in *Kuntz*.[2]

 Further, the fact that the government, pursuant to a plea bargain, did file a motion in the case against Leonard Bromberg did not require the government to file a 18 U.S.C. § 3553(e) motion in Sorensen's case. In this general regard, the district judge, in imposing the six months imprison-

ment on Sorensen's plea of guilty to the court charging him with maintaining a place for the distribution and use of cocaine, noted that under 18 U.S.C. § 3553(a)(6) he was directed "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" and accordingly tried to bring into line the total sentences he imposed on Sorensen and Bromberg.

Judgment affirmed.

---

**2.** As indicated in *Kuntz*, the Second Circuit in *United States v. Huerta*, 878 F.2d 89 (2d Cir. 1989) and the Eleventh Circuit in *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988), have held that 18 U.S.C. § 3553(e) does not violate the constitution.