**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lavada LONG, Defendant–Appellant.**

**No. 90–6288.**

United States Court of Appeals,
Tenth Circuit.

June 17, 1991.

Robert E. Mydans, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with him, on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Oklahoma, for defendant-appellant.

Before BALDOCK and BRORBY, Circuit Judges, and FINESILVER, District Judge.*

BALDOCK, Circuit Judge.

Defendant-appellant Lavada Long pled guilty to one count of using a communication facility in furtherance of the distribution of a controlled substance, 21 U.S.C. § 843(b). Because the offense occurred after November 1, 1987, the Sentencing Guidelines applied. The court sentenced defendant to the minimum guideline range sentence of twenty-one months imprisonment. Defendant appeals the sentence, contending that the court misapplied the guidelines. See 18 U.S.C. § 3742(a)(2). We affirm.

---

* The Honorable Sherman G. Finesilver, Chief United States District Judge for the District of    Colorado, sitting by designation.

On April 6, 1988, defendant and the government entered a plea agreement whereby defendant agreed to cooperate with the government. In return, the government agreed to provide the sentencing court a confidential memorandum detailing the extent and value of defendant's cooperation. Defendant fulfilled her agreement, rendering testimony in another case. The government also complied, providing a confidential memorandum to the court; however, the government did not move for a downward departure from the minimum guideline sentence as allowed by § 5K1.1 of the Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* § 5K1.1 (Nov. 1, 1990). The district court based its sentencing decision on a determination that it lacked jurisdiction to depart downward without a government motion. Defendant contends that this was a misapplication of the guidelines and therefore is subject to *de novo* review. *See United States v. Lowden,* 905 F.2d 1448 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990).

 Section 5K1.1 allows for a downward departure "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense...." We have repeatedly held that a government motion is a jurisdictional prerequisite to a § 5K1.1 downward departure from the guidelines. *See, e.g., United States v. Vargas,* 925 F.2d 1260 (10th Cir.1991); *United States v. Snell,* 922 F.2d 588 (10th Cir. 1990); *United States v. Deases,* 918 F.2d 118 (10th Cir.1990); *United States v. Sorenson,* 915 F.2d 599 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991); *United States v. Brown,* 912 F.2d 453 (10th Cir.1990); *United States v. Kuntz,* 908 F.2d 655 (10th Cir.1990); *United States v. Davis,* 900 F.2d 1524 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990). *See also United States v. Doe,* 934 F.2d 353 (D.C.Cir.1991).

Defendant contends, however, that the above cases are distinguishable because they dealt with departures from statutorily required minimum sentences rather than guideline minimums. In the case of a guideline minimum sentence, defendant contends that § 5K1.1 is not a jurisdictional limitation because it is a mere policy statement as opposed to a guideline. We must reject this argument, having "already decided that a trial court's authority to grant a § 5K1.1 reduction requires an actual motion by the prosecution...." *Brown,* 912 F.2d at 454 (case dealt with a reduction from a *guideline* minimum rather than a *statutory* minimum) (citing *Kuntz,* 908 F.2d at 656–58). The law of the circuit is settled on this issue.

AFFIRMED.