949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio J. BURKHALTER, Defendant-Appellant.
 No. 90-5204.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Antonio Burkhalter pled guilty to committing two armed robberies--one in Tulsa, Oklahoma and one in Wichita, Kansas--in violation of 18 U.S.C. §§ 2113(a) and (d). He was sentenced to a 240 month prison term for the Wichita robbery, to run concurrently with a 262 month term for the Tulsa robbery. He asked for but did not receive at sentencing a motion from the government for a reduction of his sentence for providing "substantial assistance" to the government under Section 5K1.1 of the Sentencing Guidelines. His appeal is limited to whether the government "abuse[d] its discretion by refusing to file" the § 5K1.1 motion.
 
 
 3
 Defendant alleges that "[p]rior to his plea of guilt, Defendant's counsel had secured from the Government its agreement to file a 5K1.1 motion if the Defendant provided them with substantial assistance." Appellant's Brief at 1. The record does not contain a written plea agreement. The government's brief contains the following recitation of pertinent facts:
 
 
 4
 The change of plea hearing for the Tulsa bank robbery took place on June 18, 1990. The written plea letter, also dated June 18, 1990, did not entail the government's agreement to consider a substantial assistance motion, because Burkhalter had not, at that time, offered to cooperate. However, in a subsequent telephone conversation between defense counsel and the undersigned, the government agreed to file a motion for downward departure if Burkhalter provided substantial assistance to either federal or state authorities. The government explained that Burkhalter's mere admission to the commission of other crimes would not constitute substantial assistance. The government further explained that the naming of accomplices in the commission of other crimes would not be considered substantial assistance in the absence of independent, corroborating evidence. Specifically, defense counsel was told that the government would not base a prosecution on Burkhalter's testimony alone due to Burkhalter's lengthy criminal history and lack of credibility.
 
 
 5
 Brief of Appellee at 13 (footnote omitted). The government further asserts that "[a]t no time did Burkhalter indicate his desire to withdraw his guilty plea if the government refused to entertain the possibility of a 'substantial assistance' motion. In fact, the government's agreement to consider a § 5K1.1 motion was not part of the plea agreement." Id. at 13 n. 2. The record does not permit us to verify this recitation of the facts. Defendant does not, however, dispute them.
 
 
 6
 Defendant thereafter provided the government with details regarding some 23 robberies in which he had participated in the four months preceding his arrest. He named two individuals with whom he said he had committed some of the robberies. His information did not result in the arrest or conviction of any other people.[1] The government did not make a § 5K1.1 motion. At sentencing, the following interchange occurred:
 
 
 7
 THE DEFENDANT: Your Honor, Milton Walton, he identified the driver of the car in the Wichita National Bank, and I, too, identified the driver of the Wichita bank. That's not enough for substantial assistance?
 
 
 8
 THE COURT: Well, what I have done here, because the United States has not filed that motion and because I do not have any reason to give greater relief to you than I have given--in other words, I'm sentencing you at the bottom of the guidelines and that was because of your cooperation.
 
 
 9
 R. Vol. I, Tab "Tran Sent."
 
 
 10
 Section 5K1.1 of the Sentencing Guidelines permits a downward departure "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense...." This court has "repeatedly held that a government motion is a jurisdictional prerequisite to a § 5K1.1 downward departure from the guidelines." United States v. Long, 936 F.2d 482, 483 (10th Cir.1991) (citing United States v. Vargas, 925 F.2d 1260 (10th Cir.1991); United States v. Snell, 922 F.2d 588 (10th Cir.1990); United States v. Deases, 918 F.2d 118 (10th Cir.1990), cert. denied, 111 S.Ct. 2859 (1991); United States v. Sorenson, 915 F.2d 599 (10th Cir.1990), cert. denied, 111 S.Ct. 1002 (1991); United States v. Brown, 912 F.2d 453 (10th Cir.1990); United States v. Kuntz, 908 F.2d 655 (10th Cir.1990); United States v. Davis, 900 F.2d 1524 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990)). No such motion was made in this case.
 
 
 11
 The government concedes, however, that there is language in some opinions from this circuit, as well as from other circuits, suggesting that there are circumstances in which a court might appropriately evaluate the circumstances in which the government did not make a section 5K1.1 motion. We stated as follows in United States v. Vargas, 925 F.2d 1260, 1267 (10th Cir.1991):
 
 
 12
 Although the [ United States v.] Kuntz [, 908 F.2d 655 (10th Cir.1990) ] court acknowledged that a district court may be justified in taking some corrective action in egregious cases--i.e. "where the prosecutor stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," Kuntz, 908 F.2d at 657--it noted that such cases should be rare given the "significant institutional incentives for the prosecution to exercise sound judgment and to act in good faith." Id. (quotations and citations omitted).
 
 
 13
 The Vargas court went on to hold that no such "egregious case" was present, since "[t]here is no evidence in the record that supports the claim of prosecutorial bad faith." See also United States v. Deases, 918 F.2d 118, 120 (10th Cir.1990); United States v. Agu, 1991 U.S.App. LEXIS (2nd Cir.1991) ("in this Circuit a departure below a guideline range because of a defendant's cooperation with the Government with respect to the prosecution of others requires a motion by the Government, the refusal to make such a motion may be challenged only for misconduct or bad faith ...") (citations omitted); United States v. Drake, 942 F.2d 517 (8th Cir.1991) (per curiam) ("the government's failure to make a motion for departure under section 5K1.1 was not done in bad faith and was not arbitrary."); United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991) ("this circuit has recognized that section 5K1.1's requirement that departure be premised on a government motion 'might not apply if the prosecution has acted with "bad faith or arbitrariness that might conceivably present a due process issue." ' ") (quoting United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991) (quoting United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989), cert. denied, 110 S.Ct. 1493 (1990))); United States v. Hubers, 938 F.2d 827, 829 (8th Cir.1991) ("defendant could, in an appropriate case, obtain a downward departure in the absence of the government's motion ... [if there is] 'a question of prosecutorial bad faith or arbitrariness that might conceivably present a due process issue.' ") (quoting United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989), cert. denied, 110 S.Ct. 1493 (1990)), cert. denied, 60 USLW 3359 (1991); but see United States v. Sanders, 942 F.2d 890, 893 n. 2 (5th Cir.1991) ("we need not decide whether the district court should have considered a downward departure even in the absence of a § 5K1.1 motion because it is clear that despite any good faith effort on Campbell's part, he did not provide substantial assistance."); United States v. Drown, 942 F.2d 55, 56 n. 2 (1st Cir.1991) ("We have ... [held] squarely 'that, without a government motion, a sentencing court cannot depart downward under U.S.S.G. § 5K1.1, despite meanspiritedness, or even arbitrariness, on the government's part.' ") (quoting United States v. Romolo, 937 F.2d 20, 24 (1st Cir.1991)); United States v. Raynor, 939 F.2d 191, 195 (4th Cir.1991) ("Absent an agreement, however, the government alone has the right to decide, in its discretion, whether to file a motion for a downward departure based on the substantial assistance of the defendant. Moreover, the defendant may not inquire into the government's reasons and motives if the government does not make the motion.")
 
 
 14
 The record in this case does not lead us to conclude that this is an "egregious case" warranting review of the government's refusal to file a section 5K1.1 motion. Further, this is not a case where the government entered into a plea agreement specifically binding itself to file such a motion, the terms of which the government has breached.
 
 
 15
 For the foregoing reasons, defendant's sentence in this case is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In a Supplementary Offense Report filed in connection with the Tulsa robbery, Detective Jim Hunter explained defendant's confession to 23 additional robberies, but then stated:
 It should be noted that Burkhalter has confessed that he's not exactly sure on how many other robberies he may have committed. Burkhalter stated he cannot remember all the details, and has no recollection to dates, and is somewhat confused by some of the geography surrounding some of the victim/businesses.
 Ex. B, Brief of Appellee. In a note to the Assistant United States Attorney, Detective Hunter further explained that "[b]ecause of Burkhalter's crediability [sic], the fact that we had no corroboration, the time lapse and most all the suspects wore masks, we did not concentrate on the robberies he did, with someone else with the hope of filing additional charges. Basically he just changed the status of these crimes." Ex. A, Brief of Appellee.