UNITED STATES of America,
Plaintiff–Appellee,

v.

Johnny Adam PEREZ, Defendant–
Appellant.

No. 91–3010.

United States Court of Appeals,
Tenth Circuit.

Jan. 29, 1992.

Kiehl Rathbun, Wichita, Kan., for defendant-appellant.

Lee Thompson, U.S. Atty., David M. Lind, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Defendant was convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988), possession with intent to distribute 5.018 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988) and 18 U.S.C. § 2 (1988), and carrying and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1988) and 18 U.S.C. § 2. The district court sentenced defendant under the sentencing guidelines for those convictions. After sentencing, defendant chose to cooperate with the government in hopes that providing such assistance would prompt the government to move the district court under Fed. R.Crim.P. 35(b) to lower defendant's sentence in order to reflect his substantial assistance.

The government chose not to file a Rule 35(b) motion because it concluded that defendant had not provided what it deemed to be substantial assistance. Defendant then filed a motion with the district court to force the government to file a Rule 35(b) motion. He appeals the district court's denial of his motion, and we affirm.

Because of their overlapping subject matter and similarities in language, it is instructive to examine and compare U.S.S.G. § 5K1.1 (policy statement) and 18 U.S.C. § 3553(e) (1988) when interpreting Rule 35(b). Section 5K1.1 provides in pertinent part that *"[u]pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (Emphasis added). That guideline policy statement implements 18 U.S.C. § 3553(e), which similarly provides in pertinent part that *"[u]pon motion of the Government,* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." (Emphasis added). Finally, Rule 35(b) states:

> The court, *on motion of the Government,* may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

(Emphasis added). Thus, all three provisions require a government motion before a court can consider a defendant's substantial assistance. Moreover, both section 3553(e) and Rule 35(b) refer to the corresponding sentencing guidelines and policy statements, here section 5K1.1.

■ In *United States v. Kuntz,* 908 F.2d 655 (10th Cir.1990), we held that both section 5K1.1 and section 3553(e), by their express terms, "condition the district court's consideration of defendant's substantial assistance claim upon a prior motion of the government." *Kuntz,* 908 F.2d at 657. The government's failure to file a motion under section 5K1.1 is a jurisdictional bar to downward departure from the guidelines. *United States v. Long,* 936 F.2d 482, 483 (10th Cir.), *cert. den.,* — U.S. —, 112 S.Ct. 662, 116 L.Ed.2d 753 (1991). Given the similarity between that provision and Rule 35(b), we believe that the rule's requirement of a government motion is similarly jurisdictional. *See United States v. Doe,* 940 F.2d 199, 203 n. 7 (7th Cir.) ("Rule 35(b) and § 3553(e) must be read consistently with their Sentencing Guidelines counterpart, § 5K1.1"), *cert. denied,* — U.S. —, 112 S.Ct. 201, 116 L.Ed.2d 160 (1991); *United States v. Valle,* 929 F.2d 629, 633 n. 4 (11th Cir.) (Rule 35(b) allows for correction of sentence only upon motion of government), *cert. den.,* — U.S. —, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991). Accordingly, we hold that the district court lacked jurisdiction to depart downward without a Rule 35(b) motion; it could not do indirectly, by compelling such a motion, what it lacked jurisdiction to do directly, *cf. United States v. Sorensen,* 915 F.2d 599 (10th Cir.1990) (affirming denial of defendant's motion to compel government to file section 3553(e) motion), *cert. denied* — U.S. —, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991).

■ While we might nonetheless be "justified in taking some corrective action" in "an egregious case—a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," *Kuntz,* 908 F.2d at 657 (quoting *United*

*States v. La Guardia,* 902 F.2d 1010, 1017 (1st Cir.1990)),[1] this is not such an egregious case. Contrary to defendant's contention that the government promised to file a Rule 35(b) motion in exchange for his cooperation, there is evidence that the government represented to defendant only that it was "interested in results not promises," and that "[i]n the event [Defendant] provides substantial assistance to the government, as we determine it, an appropriate motion will be filed." Appellant's Brief, Attachment B. The government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a Rule 35(b) motion, and we are not convinced that the government here erred significantly in its assessment.

Defendant argues alternatively that his appellate remedies should have been "reinstated" by the district court because he gave up his direct criminal appeal in reliance on the government's offer to file a Rule 35 motion if he gave them substantial assistance. He claims the government's failure to follow through violated this post-trial agreement. Defendant failed to assert this issue in the district court, and we will not address it for the first time on appeal. *Farmers Ins. Co. v. Hubbard,* 869 F.2d 565, 570 (10th Cir.1989).

We AFFIRM the judgment of the district court.

---

**1.** The Supreme Court has granted certiorari in *United States v. Wade,* 936 F.2d 169 (4th Cir.), *cert. granted,* —— U.S. ——, 112 S.Ct. 635, 116 L.Ed.2d 653 (1991), to decide if the district court has power to review whether the government acted arbitrarily or in bad faith when it refused to move for downward departure pursuant to section 5K1.1.