974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur R. PILANT, Defendant-Appellant.
 No. 91-3376.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Arthur Pilant appeals from a sentence imposed following his plea of guilty to one count of use of a telephone in an attempted manufacture of methamphetamine, violative of 21 U.S.C. § 843(b).
 
 
 3
 Through an ongoing investigation, Drug Enforcement Agency agents became aware that Pilant had purchased a large amount of chemicals commonly associated with the manufacture of methamphetamine. Thereafter, a search warrant was issued for Pilant's residence where agents discovered glass bottles containing 72.4 grams of phenyl-2-propanone (P2P), a precursor for methamphetamine.
 
 
 4
 Although Pilant initially told the agents that the chemicals were used to make a coating mixture for urethane, he later acknowledged that he was purchasing the chemicals for Mark Brinson and William Baresch for the manufacture of methamphetamine. Pilant subsequently agreed to cooperate with the government. Through his assistance, Brinson, Baresch, and one Keith Stierman were arrested. All three pled guilty to interstate racketeering and were sentenced to five years imprisonment.
 
 
 5
 Pilant was charged in a two-count indictment with attempt to manufacture and conspiracy to manufacture methamphetamine. Because of Pilant's cooperation, the government entered into a plea agreement whereby Pilant was allowed to plead guilty to one count of illegal use of a communication device in violation of § 843(b). The government, however, refused to file a motion under United States Sentencing Guidelines, § 5K1.1 requesting that the court depart downward based on Pilant's substantial assistance. Pilant was sentenced to twenty-four months imprisonment and one year supervised release.
 
 
 6
 On appeal, Pilant contends that: the government's refusal to file a motion for downward departure based on his substantial assistance was so egregious as to justify corrective action; the requirement that the government file a motion in order for the district court to consider a downward departure based on substantial assistance violates due process; and the case should be remanded for correction of a clerical error in the judgment and commitment order.
 
 I.
 
 7
 Pilant contends the government's refusal to file a motion for downward departure based on his substantial assistance was so egregious as to justify corrective action. Under § 5K1.1, the court, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense ... may depart from the guidelines."
 
 
 8
 Pilant acknowledges that only the government has the authority to move for a downward departure based on substantial assistance, that this court has upheld the constitutionality of § 5K1.1, and that numerous due process challenges have been rejected. Even so, he argues that "that an exception to these principles may arise in a particularly egregious case ... [which] has been described as one in which " 'the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief-[in which case]-the court would be justified in taking some corrective action.' " (Defendant/Appellant's Opening Brief at p. 4-5, quoting, United States v. Kuntz, 908 F.2d 655, 657 (10th Cir.1990), quoting, United States v. La Guardia, 902 F.2d 1010, 1017 (1st Cir.1990)).
 
 
 9
 Pilant contends that he was entitled to a downward departure because Baresch, Brison, and Stierman all pled guilty and received five-year sentences solely as a result of his actions and the district court noted that "I don't have much problem with the fact that he [Pilant] really did render substantial assistance...." (R., Vol. I, Tab 32, p. 22).
 
 
 10
 The government responds that Pilant's cooperation was rewarded inasmuch as he was allowed to plead to an amended information and sentenced to twenty-four months while his co-conspirators were sentenced to sixty months. The government also cites to the district court's observation that "the government renders cooperation in several ways, one of them is lessening the charge ... so I think the government did reward him in the nature of the charge which they eventually filed...." (R., Vol. I, Tab 32 at pp. 21-22).
 
 
 11
 At the outset, we observe that § 5K1.1 "condition[s] the district court's consideration of defendant's substantial assistance claim upon a prior motion of the government." United States v. Perez, 955 F.2d 34, 35 (10th Cir.1992), quoting, United States v. Kuntz, 908 F.2d 655, 657 (10th Cir.1990). The government's "... motion is a jurisdictional prerequisite to a § 5K1.1 downward departure from the guidelines." United States v. Long, 936 F.2d 482, 483 (10th Cir.1991), cert. denied, --- U.S. ---- (1991). The government's motion under § 5K1.1 "is an unequivocal condition precedent; the court may not act sua sponte in such matters." United States v. Vargas, 925 F.2d 1260, 1267 (10th Cir.1991).
 
 
 12
 Moreover, this is not a case in which the prosecution has stubbornly refused to file a § 5K1.1 motion "despite overwhelming evidence that the accused's assistance has been so substantial to cry out for meaningful relief." Kuntz, 908 F.2d at 657, quoting La Guardia, 902 F.2d at 1017. Rather, as noted by the district court, "the government did reward [Pilant] in the nature of the charge which they eventually filed and [upon which] the plea agreement was made." (R., Vol. I, Tab 32 at 21-22).
 
 
 13
 We hold that the government's refusal to file a motion for downward departure was not so egregious as to justify corrective action.
 
 II.
 
 14
 Pilant contends the requirement that the government file a motion in order for the court to consider a downward departure based on substantial assistance violates due process. Pilant states that he "is raising the issue here because of the United States Supreme Court's recent grant of certiorari review in United States v. Wade, 936 F.2d 169 (4th Cir.1991)." (Defendant/Appellant's Opening Brief at p. 10). Wade was affirmed in Wade v. United States, --- U.S. ----, 112 S.Ct. 1840 (1992).
 
 
 15
 We have also considered and rejected this argument. United States v. Deases, 918 F.2d 118, 120 (10th Cir.1990), cert. denied, --- U.S. ---- (1991); United States v. Sorensen, 915 F.2d 599, 603 (10th Cir.1990), cert. denied, --- U.S. ---- (1991); Kuntz, 908 F.2d at 657.
 
 III.
 
 16
 Pilant contends that the case should be remanded for correction of a clerical error, i.e., to have the Judgment and Commitment Order reflect an adjusted offense level of "16" and criminal history category of "II." The government concedes that the Order should be amended to reflect the findings of the district court.
 
 
 17
 AFFIRMED AND REMANDED to amend the Judgement and Commitment Order in accordance herewith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3