UNITED STATES of America, Plaintiff–Appellee,

v.

Theodore Reed CAMPBELL, Defendant–Appellant.

No. 92–1304.

United States Court of Appeals, Tenth Circuit.

June 1, 1993.

Submitted on the Briefs: *

Joseph Saint–Veltri, Denver, CO, for appellant.

Michael J. Norton, U.S. Atty., Joseph T. Urbaniak Jr., Asst. U.S. Atty., and John M. Hutchins, Asst. U.S. Atty., Denver, CO, for appellee.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Theodore Reed Campbell appeals the sentence imposed upon him following his plea of guilty and entry of a judgment of conviction for conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). By statute, the charge to which Campbell pled guilty carries with it a mandatory minimum sentence of ten years (120 months) of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). The government, pursuant to United States Sentencing Commission, *Guidelines Manual*, § 5K1.1 (Nov.1991), and 18 U.S.C. § 3553(e), filed a motion for downward departure from 120 months to 108 months for Campbell's substantial assistance. Campbell filed a motion for an additional downward departure under U.S.S.G. § 5K2.13 (diminished capacity). The court granted the government's motion, and denied Campbell's motion. The question before us is whether, as Campbell argues, the district court had the power under the Sentencing Guidelines to depart downward from the statutory minimum sentence on the ground of diminished capacity after a downward departure under U.S.S.G.

§ 5K1.1 was granted. The district court held that it did not have such authority.[1] We agree, and affirm.

## DISCUSSION

Campbell invokes appellate jurisdiction upon an assertion that the district court misapplied the guidelines. *See* 18 U.S.C. § 3742(a)(2); *United States v. Kuntz,* 908 F.2d 655, 656–57 (10th Cir.1990) (appellate jurisdiction exists when challenge is not to the judge's exercise of discretion in sentencing, but to the constitutionality of the law or an incorrect application of the guidelines). We review such a contention *de novo. United States v. Shewmaker,* 936 F.2d 1124, 1127 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992).

The applicable penalty provision, 21 U.S.C. § 841(b)(a)(A), provides, *inter alia,* that any person who commits the offense for which Campbell was convicted *"shall* be sentenced to a term of imprisonment which *may not be less* than 10 years...." (emphasis added). The only statutory exception to this penalty is 18 U.S.C. § 3553(e), which provides:

> (e) **Limited authority to impose a sentence below a statutory minimum.**— Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

The statutory exception is reflected in the Sentencing Guidelines in U.S.S.G. § 5K1.1.[2]

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. The district court held, in the alternative, that even if it had the authority to depart downward from a mandatory minimum sentence, it would not exercise that authority on the merits of this case. *See* Judgment, Appendix to Appellant's Opening Brief at 38–39.

2. There is disagreement among the circuits as to whether section 5K1.1 of the Sentencing Guidelines "implements" section 3553(e), *see United States v. Ah–Kai,* 951 F.2d 490, 493–94 (2d Cir. 1991); *United States v. Keene,* 933 F.2d 711, 713– 14 (9th Cir.1991); *United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990), or whether sec-

Campbell's theory is that "[t]here is nothing in the guidelines which precludes the Court from making an additional downward departure once the court has granted [a] 5K1.1 motion, even if there is a mandatory minimum sentence." Appellant's Opening Brief at 5. Campbell concedes there is no authority in support of that proposition. *Id.*

We reject the notion that once a downward departure from a statutory minimum sentence has been granted pursuant to § 3553(e) or U.S.S.G. § 5K1.1 the sentence has been "opened" for additional downward departures specified in the Sentencing Guidelines. Statutes trump Guidelines where the two conflict. *See United States v. Rockwell,* 984 F.2d 1112, 1114 n. 2 (10th Cir.1993). When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute. *Cf. United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990) (" 'Congress' power to control judicial sentencing discretion includes the power to specify the factors that a court may consider in setting a sentence.' ") (quoting *United States v. La Guardia,* 902 F.2d 1010, 1015 (1st Cir.1990)); *United States v. Thomas,* 884 F.2d 540, 543 (10th Cir.1989). The mandatory language of 21 U.S.C. § 841(b)(1)(A), and the expressly limited exception granted in 18 U.S.C. § 3553(e), convince us that a downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statute.

Accordingly, consistent with the two circuits which have ruled on the question, we hold that a district court may depart below the minimum sentence set by Congress only to reflect substantial assistance by the defendant. *United States v. Rudolph,* 970 F.2d 467, 470 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1023, 122 L.Ed.2d 169 (1993). *See also United States v. Valente,* 961 F.2d

133, 135 (9th Cir.1992) (departure downward pursuant to section 3553(e) was proper, but "the court had no authority to depart downward below the statutory minimum on the basis of [defendant's] aberrant behavior").

The sentence imposed by the district court is AFFIRMED.

---

tion 5K1.1 provides separate grounds for departing from the appropriate guideline range or statutory mandatory minimum, *see United States v. Rodriguez–Morales,* 958 F.2d 1441, 1445–46 (8th Cir.1992). The Supreme Court has not yet ruled on the issue. *Wade v. United States,* —— U.S. ——, ——, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) ("We are not ... called upon to decide whether § 5K1.1 'implements' and there-

by supersedes § 3553(e), or whether the two provisions pose two separate obstacles.") (citations omitted). The point is unimportant here since the district court found that the government filed its departure motion under both the statute and the Sentencing Guidelines, and, of course, this court's opinion in *Kuntz* controls in any event.