25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick Lew SMITH, Defendant-Appellant.
 No. 93-3361.
 United States Court of Appeals, Tenth Circuit.
 May 25, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Smith appeals his sentence asserting the Government breached its agreement to file a motion for a reduction in his sentence. Finding no merit to Mr. Smith's contentions, we affirm.
 
 
 3
 Mr. Smith and a codefendant were charged with two drug offenses. Mr. Smith and the Government subsequently entered into a written plea agreement. The gist of the plea agreement was that Mr. Smith would plead guilty to one of the offenses and the other would be dismissed. Additionally, Mr. Smith agreed to (1) provide a complete oral debriefing, (2) submit to a polygraph examination and pass it, and (3) to testify in the trials of other individuals involved in the offense. The Government then agreed:
 
 
 4
 [I]f appropriate, prior to sentencing, to file a motion pursuant to USSG 5K1.1 or subsequent to sentencing, to file a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to reduce [Smith's] sentence to reflect his substantial assistance, if any, in the investigation or prosecution of another person(s) involve[ment] in this offense.
 
 
 5
 The plea agreement also contained a provision whereby Mr. Smith acknowledged that "the decision, whether to file this motion, and whether he has provided substantial assistance, is a matter that resides in the sole and exclusive discretion of the United States Attorney."
 
 
 6
 Mr. Smith fulfilled his end of the plea bargain except he failed to testify against his codefendant. Mr. Smith's failure to testify against his codefendant was not his fault as the codefendant had not been apprehended.
 
 
 7
 The Government failed to file a motion for the reduction of Mr. Smith's sentence. In response to Mr. Smith's objection, the Government asserted that, while Mr. Smith had provided assistance, it was not substantial. The Government took the position that it would reevaluate its decision if and when the codefendant was apprehended and tried.
 
 
 8
 The sentencing court concluded the lack of Mr. Smith's testimony was so important that, even though the inability to provide more help was not Mr. Smith's fault, his actual assistance was not substantial. The court further concluded the Government's refusal to file a motion for a sentence reduction was not made in bad faith. The court rejected Mr. Smith's motion to depart downward based upon the provision of 5K1.1, then sentenced Mr. Smith to the mandatory minimum sentence of sixty months.
 
 
 9
 Mr. Smith appeals asserting the sentencing court should have enforced the plea bargain or alternatively should have departed downward. Mr. Smith also raises a claim of due process violation.
 
 
 10
 The applicable law is clear. USSG 5K1.1 allows a sentencing court to depart downward only if a motion is filed by the government and "the defendant has provided substantial assistance in the investigation or prosecution of another person." Absent an unconstitutional motive for refusing to do so, the prosecutor enjoys discretion in determining whether to file such a motion. See Wade v. United States, --- U.S. ----, 112 S.Ct. 1840, 1844 (1992). Any claim seeking to compel a motion based on defendant's view of what he or she deems to have been substantial assistance will not be entertained. "Congress, wisely or unwisely, left the matter of substantial assistance to the prosecutor, unless there's a formal agreement which would bind the prosecutor." United States v. Massey, 997 F.2d 823, 824 (10th Cir.1993). In our circuit, we also look for the "egregious case--a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." United States v. Kuntz, 908 F.2d 655, 657 (10th Cir.1990) (quoting United States v. La Guardia, 902 F.2d 1010, 1017 (1st Cir.1990)). Stated somewhat differently there are three instances where a court may review the prosecutor's refusal to file the 5K1.1 motion: (1) the refusal violated the agreement; (2) "the refusal was based on an unconstitutional motive"; or (3) the egregious case where there exists "overwhelming evidence that the accused's assistance has been so substantial as to cry out for ... relief." United States v. Lee, 989 F.2d 377, 379-80 (10th Cir.1993) (citing Wade, 112 S.Ct. at 1844; quoting Kuntz, 908 F.2d at 657).
 
 
 11
 The question faced by the sentencing court and by this court is whether or not the assistance provided by Mr. Smith was substantial. The agreement provides this decision lies within the discretion of the Government. "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance." USSG 5K1.1, comment. (n.3). That Mr. Smith was not at fault in failing to testify against his codefendant does not change the nature of the analysis. The Government was within its power to find, at the time of sentencing, Mr. Smith had yet to provide substantial assistance. Therefore, the Government did not violate its agreement to make a 5K1.1 motion if appropriate to reflect Mr. Smith's substantial assistance. Additionally, Mr. Smith has shown no evidence to sustain his burden of demonstrating the Government acted in bad faith or with any other unconstitutional motive; nor is this the egregious case described in Kuntz.
 
 
 12
 The sentencing court also properly declined to sua sponte depart downward. The law clearly requires a motion by the Government as a condition precedent to the trial court imposing a 5K1.1 downward departure. United States v. Long, 936 F.2d 482, 483 (10th Cir.) (district courts jurisdictionally barred from departing downward absent motion by government), cert. denied, 112 S.Ct. 662 (1991).
 
 
 13
 Mr. Smith also asserts, novelly, a due process violation based on the Government's statements that it will "wait and see" whether to file a Rule 35 motion if Mr. Smith subsequently testifies. Rule 35 applies to assistance subsequent to sentencing while 5K1.1 applies to prior assistance. See United States v. Drown, 942 F.2d 55, 59 (1st Cir.1991). In Drown, the First Circuit remanded for resentencing when a district court accepted the government's refusal to move under 5K1.1, despite apparent presentencing assistance, primarily because the government sought to induce subsequent assistance from the defendant. Id. at 60. The case at hand is dissimilar. Here, the Government's stated reason for refusing the 5K1.1 motion is the lack of presentencing assistance. The district court properly did not use the prospect of potential Rule 35 relief to alter his 5K1.1 decision. Accordingly, we find no due process violation.
 
 
 14
 We do not reach the question of whether the Government must file a Rule 35 motion if Mr. Smith should ultimately be called upon to testify.
 
 
 15
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470