60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Kevin HAIL, Defendant-Appellant.
 No. 95-3001.
 United States Court of Appeals, Tenth Circuit.
 July 10, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Hail was sentenced for possession with the intent to distribute more than 500 grams of cocaine. Mr. Hail appeals as of right and challenges his sentence. He alleges the district court erred in failing to apply USSG 5K1.1 upon his motion for a downward departure in sentencing. We uphold Mr. Hail's sentence and affirm.
 
 
 3
 Mr. Hail pled guilty to possession with the intent to distribute more than 500 grams of the cocaine. In his plea agreement, Mr. Hail agreed to cooperate with the prosecution in related criminal cases in exchange for a recommendation for a three point reduction in his offense level for acceptance of responsibility, a recommendation he be sentenced at the low end of the guideline range, and a promise additional charges would not be brought against him. Mr. Hail subsequently entered into a cooperation agreement with the government which stated the information he provided to the government may be used in criminal proceedings and he may be called to testify. During his discussions with the prosecution, the government told Mr. Hail if it found his help to be substantial it might also file a motion asking the court to grant Mr. Hail a downward departure under 5K1.1. Mr. Hail signed another agreement stating the United States Attorney's Office would determine whether his cooperation amounts to substantial assistance.
 
 
 4
 Mr. Hail assisted the government by providing information to drug enforcement agents in the investigation of drug trafficking, testifying at a grand jury resulting in the indictment of other accused drug traffickers, and returning under subpoena to testify at the trial of these indicted drug traffickers. Although Mr. Hail did not testify at the trial of the other drug traffickers, his name was included on a witness list provided to the defense counsel. Mr. Hail's grand jury testimony consisted of identifying photographs he had previously identified for the government.
 
 
 5
 When it came time to sentence Mr. Hail, the government did not file a motion for a downward departure. So, Mr. Hail filed the motion for himself; however, 5K1.1 expressly requires the government make the motion for a downward departure.[2] While the district court normally lacks jurisdiction to consider a 5K1.1 motion made by the defendant, an exception exists. The district court does have jurisdiction to consider a defendant's motion for downward departure "in an egregious case--a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." United States v. Kuntz, 908 F.2d 655, 657 (10th Cir.1990) (citation and internal quotations omitted).
 
 
 6
 In deciding whether to entertain Mr. Hail's motion for a downward departure, the district court determined Mr. Hail's case was not egregious. The district court found Mr. Hail's assistance to the government was not so beneficial as to warrant a downward departure without the government making the request, and therefore denied Mr. Hail's motion. However, the court did grant a three-level reduction to Mr. Hail's offense level for acceptance of responsibility and sentenced him at the low end of the guideline range. This resulted in a sentence of imprisonment of 63 months, five years supervised release, and a special assessment of $50.00. Mr. Hail appeals his sentence asserting the court erred in its evaluation of his motion for a departure pursuant to 5K1.1.
 
 
 7
 On appeal, Mr. Hail asserts that although the government did not recommend a downward departure, his assistance to the government was such that a denial of a downward departure would be egregious. See United States v. Perez, 955 F.2d 34, 35 (10th Cir.1992) (noting the district court lacks jurisdiction to depart downward when the government fails to make a motion for downward departure unless the defendant's assistance has been so exceptionally substantial). We agree with the district court that Mr. Hail's case does not call out for relief. Mr. Hail was sentenced at the low end of the guideline range in exchange for his cooperation with the prosecution, and he received a three level reduction for acceptance of responsibility. His assistance to the government was not so substantial as to compel a 5K1.1 motion, and without such a motion, the district court lacked jurisdiction to depart downward. See United States v. Munoz, 946 F.2d 729, 730-31 (10th Cir.1991).
 
 
 8
 Accordingly, we AFFIRM Mr. Hail's sentence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 USSG 5K1.1 states, in part, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."