**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO R. GARCIA-EMANUEL,

Defendant-Appellant.

No. 97-5067
(D.C. No. 90-CR-92-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Mario Garcia-Emanuel appeals the district court's partial denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Counsel for defendant has determined the appeal is frivolous and has filed a motion to withdraw and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

an <u>Anders</u> brief outlining defendant's arguments. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). <u>Anders</u> instructs that such a brief must refer to "anything in the record that might arguably support the appeal." <u>Id.</u> Consistent with this requirement, counsel has identified two arguments: (1) During resentencing, the district court erred in imposing a four-point enhancement under U.S.S.G. § 3B1.1; and (2) during resentencing, the court erred in calculating the drug quantity to be used in determining defendant's sentence.

Defendant was furnished a copy of the <u>Anders</u> brief to allow him "to raise any points that he chooses." <u>Id.</u> In his pro se brief, defendant acknowledges the § 3B1.1 argument is frivolous, but outlines two additional arguments he wishes to assert on appeal. Specifically, he contends his counsel on direct appeal failed to properly challenge the sufficiency of the evidence underlying his continuing criminal enterprise conviction, and that the district court erred at resentencing by incorrectly concluding it lacked authority to depart below the statutory mandatory minimum sentence.

We conclude all of defendant's claims are without merit. We grant counsel's motion to withdraw and affirm the partial denial of defendant's § 2255 motion.

I.

Defendant was convicted on April 1, 1991, of one count of conspiracy to possess with intent to distribute and to distribute cocaine, one count of continuing criminal enterprise (CCE), five counts of income tax evasion, one count of conspiracy to launder money, and seventeen counts of money laundering. The district court denied defendant's

motion for judgment of acquittal on the conspiracy and CCE counts, but granted it as to the seventeen money laundering counts and the money laundering conspiracy count. Both the defendant and the government appealed. This court affirmed the conspiracy and CCE convictions, reinstated five of the money laundering counts, and reinstated the money laundering conspiracy count. United States v. Garcia-Emanuel, 14 F.3d 1469, 1472-79 (10th Cir. 1994). On remand, the district court resentenced defendant to a total term of 292 months' imprisonment and five years' supervised release. Defendant did not appeal the resentencing.

Approximately two years after resentencing, defendant filed his § 2255 motion to vacate, set aside, or correct sentence. Defendant asserted his counsel on direct appeal was ineffective for failing to adequately challenge the CCE conviction and for failing to argue the conspiracy conviction should be vacated as a lesser included offense in the CCE conviction, and asserted his counsel at resentencing was ineffective for failing to challenge various portions of the presentence report. The district court rejected defendant's argument that counsel was ineffective in challenging the CCE conviction, but agreed counsel was ineffective in failing to challenge on the lesser-included issue. The court vacated defendant's conspiracy conviction and resentenced him to a total term of 240 months' imprisonment, which is the statutory mandatory minimum sentence for persons convicted of engaging in a CCE. 21 U.S.C. § 848(a). Defendant was granted leave to proceed on appeal in forma pauperis.

II.

In reviewing the arguments raised by defendant, we apply a de novo standard to the district court's legal rulings and a clearly erroneous standard to its findings of fact. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).

*Ineffective assistance of counsel on direct appeal*

To prevail on this claim, defendant must demonstrate (1) counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different, Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997).  Because defendant has alleged his counsel failed to adequately raise an issue on appeal, we examine the merits of the issue.  See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  If the issue is without merit, there is likewise no merit to defendant's ineffective assistance claim.  Id. at 392-93.

In the direct appeal, defendant's counsel challenged the sufficiency of the evidence to support the CCE conviction.  Characterizing the challenge as "perfunctory," this court concluded the evidence was "overwhelming" and specifically noted "the evidence, viewed in the light most favorable to the government, supported the jury's finding that Defendant was the organizer, supervisor, or manager of eight other individuals."  14 F.3d

at 1472.

Defendant now contends counsel should have done a better job of raising the issue and, specifically, should have "appropriately briefed the issue and made sufficient references to the record to support his argument." Defendant's pro se br. at 7. Defendant argues if counsel had done so, this court "would not have been able to conclude" there was sufficient evidence to support the CCE conviction. Id.

We conclude defendant's arguments are without merit. Even if counsel had done everything defendant claims he should have done, we are convinced the CCE conviction would have been affirmed. As noted, this court reviewed the record on appeal and concluded the evidence supporting defendant's CCE conviction was "overwhelming." 14 F.3d at 1472. Additional arguments or references by counsel simply would not have changed this conclusion.

*District court's authority to depart below statutory minimum sentence*

Defendant argues the district court erred during resentencing in concluding it lacked authority to depart below the twenty-year statutory minimum sentence. In United States v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993), we held a district court may depart below the statutory minimum sentence established by Congress "only to reflect substantial assistance by the defendant." Because this narrow exception has no application to this case, the district court correctly concluded there was no basis for

departure.

*District court's calculation of drug quantity for sentencing purposes*

Defendant contends the district court erred in calculating the amount of drugs attributable to him for sentencing purposes. Although the presentence report estimates defendant distributed "a minimum of 60 kilograms of cocaine" during the course of the CCE, that estimate was not used in determining defendant's sentence. Accordingly, any error in the estimated amount is irrelevant.

III.

The judgment of the district court is AFFIRMED. Counsel's motion to withdraw is GRANTED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge