**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARIO R. GARCIA-EMANUEL,

    Defendant-Appellant.

No. 04-5030
(N.D. Okla.)
(D.Ct. No. 90-CR-92-K)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mario R. Garcia-Emanuel, a *pro se* litigant and federal inmate, appeals the district court's dismissal of his motion seeking a reduction of his 240-month sentence based on post-offense rehabilitation, which the district court treated and denied as a motion filed pursuant to 18 U.S.C. § 3582(c). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Garcia-Emanuel's lengthy procedural history before this court is as follows. On April 1, 1991, a jury found Mr. Garcia-Emanuel guilty of conspiracy to possess and distribute cocaine; continuing a criminal enterprise; five counts of income tax evasion; conspiracy to launder money; and seventeen counts of money laundering. *United States v. Garcia-Emanuel*, 14 F.3d 1469, 1471 (10th Cir. 1994). The district court granted a judgment of acquittal on seventeen counts of money laundering and the money laundering conspiracy, and sentenced him to 292 months imprisonment. On direct appeal, this court affirmed Mr. Garcia-Emanuel's convictions, but reversed some of the money laundering count dismissals and remanded for resentencing. *Id.* at 1479. On remand, the district court resentenced Mr. Garcia-Emanuel to the same 292 months imprisonment and Mr. Garcia-Emanuel did not appeal his resentencing.

Thereafter, Mr. Garcia-Emanuel successfully filed a 28 U.S.C. § 2255

motion, in which the district court vacated the conspiracy conviction and resentenced Mr. Garcia-Emanuel to 240 months imprisonment. *United States v. Garcia-Emanuel*, 141 F.3d 1186, 1998 WL 141988 at *2 (March 30, 1998) (unpublished op.). This court affirmed. *Id.* at *3. Mr. Garcia-Emanuel then filed two separate 28 U.S.C. § 2255 motions to vacate, set aside, or correct his sentence, which the district court transferred to this court for consideration as second or successive motions. This court denied both successive § 2255 motions.

Mr. Garcia-Emanuel next filed a "Motion for Post-Offense Rehabilitative [sic]," which the district court construed as a motion under 18 U.S.C. § 3582(c) to modify his sentence. After discussing the three avenues available for such modification and determining none exist in this case, the district court concluded it lacked "the authority to reduce Defendant's sentence based only on rehabilitative efforts."

On appeal, Mr. Garcia-Emanuel contests the district court's denial of his motion to modify his sentence based on his post-sentence rehabilitation efforts. He also raises for the first time on appeal two ineffective assistance of counsel issues, claiming his attorney was ineffective for not raising: 1) the request for post-offense rehabilitative relief, and 2) the issue that he was only a minor or

minimal participant.

We review *de novo* the district court's interpretation of a statute. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (internal quotation marks, citation and alteration omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41. As previously noted, Mr. Garcia-Emanuel's motion is premised solely on his post-sentencing rehabilitation efforts, which the district court construed as a § 3582 motion.

Having reviewed the record and briefs on appeal, we conclude the district court did not err in construing Mr. Garcia-Emanuel's motion to modify his sentence as one filed under § 3582(c), and then denying it. As the district court aptly explained, post-sentence rehabilitation is not a factor considered under

§ 3582(c) for the purpose of modifying a sentence, and therefore, the district court clearly lacked authority to reduce his sentence on that basis. *See* 18 U.S.C. § 3582(c).

With respect to Mr. Garcia-Emanuel's first ineffective assistance of counsel claim, he claims his counsel improperly failed to file a motion for reduction of his sentence based on his post-sentence rehabilitation. Giving Mr. Garcia-Emanuel the benefit of the doubt, we assume this claim did not exist when he filed his prior § 2255 motions as he may not have yet completed the rehabilitation alleged. Because the claim presumably did not exist, it cannot be considered a successive petition. *See United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997). However, Mr. Garcia-Emanuel failed to raise this claim before the district court. Generally, we will not consider an issue not raised before the district court absent plain error. *United States v. Arras*, 373 F.3d 1071, 1075 (10th Cir. 2004). Even if we considered it, Mr. Garcia-Emanuel fails to establish his counsel's performance was either deficient or the deficiency prejudiced his case. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This is because, as previously explained, Mr. Garcia-Emanuel's request for modification of his sentence based on post-sentence rehabilitation lacks merit, as it is not a factor considered for modification under 18 U.S.C. § 3582(c). Thus, even if his counsel

had brought such a motion, Mr. Garcia-Emanuel would not have been successful.

As to the other ineffective assistance of counsel claim stemming from counsel's failure to raise the issue of minor or minimal participation at trial or sentencing, we will, for the purposes of judicial economy, construe Mr. Garcia-Emanuel's claim as an application to this court to file a second or successive motion. *See* 28 U.S.C. § 2255. Generally, the right to file a second or successive motion under 28 U.S.C. § 2255 is limited to the following two circumstances:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* However, with respect to claims of ineffective assistance raised on a second application for post-conviction relief, we have applied the rule that "[t]he abuse of the writ doctrine prohibits [a petitioner's] second [or subsequent] § 2255 motion unless he excuses his failure to raise the issue earlier by showing cause for failing to raise it and prejudice therefrom or by showing that a fundamental miscarriage of justice would result from a failure to entertain the claim." *See United States v. Richards*, 5 F.3d 1369, 1370 (10th Cir. 1993) (quotation marks and citation omitted). *See also Moore v. Reynolds*, 153 F.3d 1086, 1096-97 (10th

Cir. 1998). In this case, under either criteria applied, Mr. Garcia-Emanuel's ineffective assistance of counsel claim must fail. His claim is not subject to certification because it is not based on newly discovered evidence or a new rule of constitutional law. Moreover, he has failed to show cause for not raising this ineffective assistance of counsel claim in his original § 2255 motion, and we find nothing in his brief or the record to suggest that a fundamental miscarriage of justice will result from a failure to entertain the claim on appeal.

Accordingly, we **AFFIRM** the district court's decision denying a sentence reduction under 18 U.S.C. § 3582(c)(2).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge