FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERIC R. LOPEZ,

      Defendant - Appellant.

No. 09-1154
(D. Ct. Nos. 1:09-CV-00334-JAP and
1:05-CR-00225-JAP-1)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Eric R. Lopez, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2255. Because Mr. Lopez has failed to show that a reasonable jurist could conclude that the district court erred in denying his petition,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which raises the same claim he pursued on direct appeal, we DENY a COA and DISMISS the appeal.

## I. BACKGROUND

On May 17, 2005, a federal grand jury returned a one-count indictment charging Mr. Lopez with second-degree murder and aiding and abetting others in the commission of that offense in violation of 18 U.S.C. §§ 2, 1111, and 1153. *See United States v. Lopez*, 252 Fed. App'x 908, 911 (10th Cir. 2007). One week before the scheduled trial date and following unsuccessful plea negotiations, the grand jury returned a superseding indictment charging Mr. Lopez with two counts of using a minor to commit a crime of violence in violation of 18 U.S.C. §§ 25 and 1153. *Id.* Three days later, Mr. Lopez filed a motion to dismiss the new counts contained in the superseding indictment, alleging pre-indictment delay. *Id.* The district court denied Mr. Lopez's motion and proceeded to trial. *Id.*

On February 17, 2006, the jury returned guilty verdicts on the lesser-included offense of voluntary manslaughter and on two counts of using a minor to commit the offense of assault resulting in serious bodily injury. *Id.* On direct appeal, Mr. Lopez asserted various claims, including his contention that the district court should have dismissed the two counts in the superseding indictment as violative of the Speedy Trial Act. *Id.* at 914. Reasoning that Mr. Lopez's sole remedy under the Speedy Trial Act was a continuance of his trial, not dismissal of the additional charges, we rejected that argument and affirmed his conviction. *Id.* at 914–15.

- 2 -

Mr. Lopez then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising only one claim: the same Speedy Trial Act argument he had pursued on direct appeal. The district court denied relief because this claim was raised and fairly considered on direct appeal. The district court also denied Mr. Lopez's application for a COA. Mr. Lopez then filed an application for a COA in this court in which Mr. Lopez also asserts, for the first time, claims of ineffective assistance of counsel.

## II. DISCUSSION

A petitioner may not appeal the denial of habeas relief under § 2255 unless a circuit judge issues a COA. 28 U.S.C. §2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies habeas relief on procedural grounds, a circuit judge may issue a COA only if the petitioner shows that reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) the correctness of the district court's procedural ruling. *Id.* When it is fair and practical to do so, a court is encouraged to dispose of a petition on procedural grounds rather than decide complex constitutional questions. *Id.* at 485.

It is well-settled that absent an intervening change in the law of the circuit, a petitioner may not raise issues in a § 2255 petition that were raised and fairly resolved on

direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). In his § 2255 petition, the sole issue Mr. Lopez pursues is that the district court violated his rights under the Speedy Trial Act in refusing to dismiss the new counts in the superseding indictment. This issue was raised and fairly resolved on direct appeal, and Mr. Lopez does not contend that a change in the law of the circuit now mandates a different result. Accordingly, the district court correctly invoked this procedural bar in dismissing Mr. Lopez's petition.

Finally, we will not consider Mr. Lopez's ineffective assistance of counsel claims, which are raised for the first time in his application to this court for a COA. As a general rule, this court will not consider arguments raised for the first time on appeal. *United States v. Perez*, 955 F.2d 34, 36 (10th Cir. 1992). In addition, this issue has no bearing on whether the district court properly denied his petition for raising issues previously raised and ruled upon on direct appeal. Therefore, we will not consider this claim further.

### III. CONCLUSION

Reasonable jurists could not debate whether the district court properly dismissed Mr. Lopez's § 2255 petition. We therefore DENY Mr. Lopez's request for a COA and DISMISS the appeal. Mr. Lopez's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge


- 4 -