**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN WAYNE MCDANIELS,

    Plaintiff - Appellant,

v.

FNU GOFF, Detective, Ogden City Police
Department, individually and in his official
capacity; OGDEN CITY POLICE
DEPARTMENT; TIM SCOTT, Officer,
Ogden City Police Department,
individually and in his official capacity;
MIKE CALDWELL, Mayor of Ogden ,
Utah, individually and in his official
capacity,

    Defendants Cross Claimants -
    Appellees,

and

FEDERAL BUREAU OF
INVESTIGATION; WILLIAM
KENDALL, U.S. Attorney, Utah,
individually and in his official capacity;
OGDEN COUNTY PROSECUTOR'S
OFFICE,

    Defendants Cross Claim
    Defendants  - Appellees.

No. 15-4147
(D.C. No. 1:14-CV-00124-DN-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

   [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
(continued)

_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Kevin Wayne McDaniels, a federal prisoner proceeding pro se, appeals the

district court's order denying his motions to compel an investigation, to enter a

default against the defendants, and to amend his complaint. The district court

adopted the recommendation of a magistrate judge. We have subject-matter

jurisdiction over only the portion of the order denying the motions to compel an

investigation. Even so, we do not address the merits because Mr. McDaniels failed to

file an objection to the magistrate judge's report and recommendation. The

remainder of the order being appealed is not a final order. Therefore, we lack

jurisdiction to review it. Accordingly, we affirm in part and dismiss in part.

## I.    Background

Mr. McDaniels maintains that, while in prison, another prisoner told him who

had committed the unsolved 2008 murder of Jeffrey Bancroft. He asserts that he told

this information to the defendants, who are law-enforcement personnel, believing that

he would be entitled to a reduction of his sentence. He claims that he is now in

danger from other prisoners who know that he is an informant. In his amended

complaint, Mr. McDaniels sought monetary damages against the defendants for their

ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure to arrange a sentence reduction in exchange for his information about the Bancroft murder.

Mr. McDaniels filed several motions in the district court. In the order under review here, the court addressed and denied the three motions referred to above. On appeal, however, Mr. McDaniels argues (1) the defendants breached their promise of a sentence reduction; (2) the magistrate judge and the district judge conspired with the defendants to obstruct justice, "defraud[] the courts and the public," Aplt. Opening Br. at 2, fraudulently conceal Mr. McDaniels's role in solving the Bancroft murder, and cover up their errors in investigating the murder; (3) he was denied meaningful access to the courts because he deserves a sentence reduction for solving the murder but has not received one; and (4) the defendants have denied his request to serve the remainder of his sentence in a protective-custody facility. In addition, he requests an order directing the appropriate defendants to file a motion to reduce his sentence.

## II.    Discussion

We have liberally construed Mr. McDaniels's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

3

The district court denied Mr. McDaniels's motions seeking to compel the defendants to investigate the Bancroft murder. To the extent Mr. McDaniels's appellate briefs can be construed as an appeal of an order denying a request for injunctive relief, we have jurisdiction. *See* 28 U.S.C. § 1292(a)(1) (providing that federal courts of appeals have jurisdiction over interlocutory orders refusing injunctions); *Petrella v. Brownback*, 787 F.3d 1242, 1254 (10th Cir. 2015) ("[I]t is well established that we have jurisdiction to review interlocutory orders expressly denying injunctive relief pursuant to 28 U.S.C. § 1292(a)(1)."). Even though we have jurisdiction, we do not address this claim because Mr. McDaniels did not file an objection to the magistrate judge's report and recommendation.

Under our firm-waiver rule, Mr. McDaniels's failure to object "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks omitted). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).

The first exception is inapplicable because the magistrate judge's report and recommendation stated:

> Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

4

R. Vol. I, at 278.

We also determine that the second exception—interests of justice—does not warrant granting Mr. McDaniels relief from the firm-waiver rule. "We may grant relief from the firm waiver rule in the interests of justice, considering such factors as a pro se litigant's effort to comply, the force and plausibility of his explanation for not complying and the importance of the issues raised." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015). Mr. McDaniels does not claim that he attempted to file an objection to the magistrate judge's report and recommendation. Instead, he relies on his objection to the district court's order. *See* Aplt. Reply Br., Attach. 1. This is insufficient, so the first two factors weigh against Mr. McDaniels.[1]

"[T]he interests of justice analysis . . . is similar to reviewing for plain error." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). A plain-error showing requires "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Mr. McDaniels has offered no argument or authority to refute the district court's determination that "the Supreme Court has repeatedly held that 'a private citizen lacks a judicially cognizable interest in the

---

[1] Defendants Goff, Scott, and Caldwell have provided a copy of a document they received purporting to be a "Notice of Objection to Report and Recommendation" submitted by Mr. McDaniels. *See* Aplee. Br. (Goff, Scott, Caldwell), Attach. 1. But the district court docket sheet does not reflect that such a document was filed, the district court's order states that no objection to the report and recommendation was filed, and Mr. McDaniels does not claim he filed the document. Therefore, we do not consider it.

prosecution or nonprosecution of another.'" R. Vol. 1, at 275-76 (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005)). He merely states in conclusory fashion that solving the Bancroft murder warrants review of his claims and the district court abused its discretion in holding that it is not his duty or right to solve a murder. Not only are these statements insufficient to meet the interests-of-justice exception to the firm-waiver rule, they are insufficient even to invoke appellate review. *See Kerber v. Qwest Pension Plan*, 572 F.3d 1135, 1146 (10th Cir. 2009) (rejecting appellate claim as inadequately briefed because the claim was addressed in only conclusory fashion). Consequently, we do not address Mr. McDaniels's challenge to the ruling denying his motions seeking to compel the defendants to investigate the Bancroft murder.

The remaining rulings by the district court are not a final order so we lack jurisdiction to address them. *See* 28 U.S.C. 1291 (providing that federal courts of appeals have jurisdiction over all final decisions of the district courts). "As a general rule, this court has jurisdiction over only final orders, those that end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Oil, Chem., & Atomic Workers Int'l Union (AFL-CIO) v. Conoco, Inc.*, 241 F.3d 1299, 1302 (10th Cir. 2001) (brackets and internal quotation marks omitted). The rulings denying Mr. McDaniels's motions to enter a default against the defendants and to amend his complaint did not end the litigation on the merits. That his appellate arguments do not address these rulings is irrelevant to our determination that this court lacks jurisdiction over the nonfinal order.

6

### III. Pending Motions

We deny Mr. McDaniels's second motion for appointment of counsel. We also deny his "Motion Requesting an Order by the Court for the Defendants to Contact Plaintiff[']s U.S. Atty Lance Crick, Greenville, S.C. to Make Sure Plaintiff Receives a Downward Departure for His Assistance" and "Motion to Compel the U.S. Attorney[']s Office as a Whole to file a Downward Departure for Substantial Assistance in Solving the Jeffrey Bancroft Murder." Both motions ask this court to require prosecutors to seek a sentence reduction for Mr. McDaniels. It is beyond our purview to order this relief. *Cf. United States v. Perez*, 955 F.2d 34, 36 (10th Cir. 1992) ("The government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a [motion to lower a defendant's sentence], and we are not convinced that the government here erred significantly in its assessment.").

Mr. McDaniels's motion to proceed in forma pauperis (IFP) is granted; he is authorized to proceed on appeal without prepayment of fees, but he is nevertheless "required to pay the full amount of [the] filing fee," 28 U.S.C. § 1915(b)(1). Mr. McDaniels has also filed a motion seeking reimbursement of all filing fees he has paid in the district court and this court. He contends, without citing any legal authority, that he is not required to pay these fees because he solved the Bancroft murder. The motion seeking reimbursement is denied.

## IV.     Conclusion

The district court's order denying Mr. McDaniels's motions to compel an investigation is affirmed.  The remainder of the appeal is dismissed for lack of subject-matter jurisdiction.  Mr. McDaniels's motion to proceed IFP on appeal is granted and he is reminded that he is obligated to continue making partial payments until the entire fee has been paid.  He is not entitled to the reimbursement of any filing fees, however, so his motion for reimbursement is denied.  All other pending motions are denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge