**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONIO DEWAYNE HOOKS,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 19-6125
(D.C. No. 5:19-CV-00008-STE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Oklahoma prisoner Antonio Hooks, proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

In 2012, Hooks pled guilty to a charge of attempted robbery with a dangerous weapon. He was sentenced to twenty years' imprisonment, with thirteen years suspended. In 2017, the state moved to revoke Hooks' suspended sentence on the basis that he had committed ten new crimes after his release from imprisonment.

_____

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

These alleged crimes were charged in three separate state court cases, and preliminary hearings were held for them in August 2017. At Hooks' revocation hearing, the state relied on transcripts of these preliminary hearings to show that Hooks committed the new post-release crimes. The trial judge admitted the transcripts, finding them admissible in lieu of live testimony because Hooks' attorneys had had the opportunity to cross-examine the witnesses. Based on all the evidence presented, the court found that the government had proved by a preponderance of the evidence that Hooks had committed seven of the alleged crimes, and it accordingly revoked his thirteen-year suspended sentence in full.

Hooks appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). He argued the revocation of his sentence did not meet the minimum requirements for due process set forth in Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973), because it was based entirely on hearsay evidence. The OCCA rejected this argument and affirmed the revocation. Hooks then filed a petition for habeas relief in federal district court, asserting the same Gagnon argument, as well as several new claims. Because the district court determined that these new claims were not exhausted in state court, it gave Hooks the opportunity either to dismiss his claims without prejudice or to amend his petition to assert only the Gagnon claim.[1] Hooks chose the latter approach.

---

[1] See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is generally required to exhaust state remedies." (quotation omitted)).

After the state responded to his petition, Hooks filed several additional pleadings alleging new state-law claims. The district court struck these pleadings because the claims they presented were outside the province of federal habeas review. Limiting its review to the Gagnon claim, the court denied Hooks' petition and, after a limited remand to address the issue, his request for a COA. Hooks now seeks a COA from this court.

## II

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Hooks must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). In other words, Hooks must show that the district court's dismissal of his habeas petition was "debatable or wrong." Id.

### A

Hooks first argues that his revocation hearing failed to meet the minimum requirements of due process under Gagnon and Morrissey v. Brewer, 408 U.S. 471, 489 (1972). In Gagnon, the Supreme Court held that at a minimum, a revocation hearing must provide:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person

3

and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

411 U.S. at 786 (quoting Morrissey, 408 U.S. at 489) (emphasis added).

Hooks' Gagnon claim is based on the state court's reliance on judicial transcripts to revoke his suspended sentence. After recognizing that the traditional rules of evidence do not apply in revocation proceedings, see Morrissey, 408 U.S. at 489, the district court determined that Hooks failed to provide any support for his claim that the admission of the transcripts violated his due process rights. He fails to do so again on appeal.

We may provide habeas relief from a state court's evidentiary rulings only if those rulings "rendered the [proceeding] so fundamentally unfair that a denial of constitutional rights results." Duckett v. Millin, 306 F.3d 982, 999 (10th Cir. 2002). "Because the Sixth Amendment does not apply to revocation hearings," United States v. Jones, 818 F.3d 1091, 1098 (10th Cir. 2016), the right to confrontation in a revocation hearing is evaluated under the constitutional minimum due process standard recognized in Morrissey, 408 U.S. at 488-89. In Gagnon, the Supreme Court explained the scope of this due process right: "While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for

4

live testimony, including affidavits, depositions, and documentary evidence." 411 U.S. at 782 n.5.

In this case, the trial judge conducting Hooks' revocation hearing admitted judicial transcripts because Hooks' attorneys had a prior opportunity to cross-examine the witnesses whose testimony appears in those transcripts. In his application for a COA, Hooks does not appear to take issue with the decision to admit the transcripts. Instead, he attacks the underlying testimony they report, arguing that issues with the testimony "should have been an issue at [the] preliminary hearing," and that other evidence should have been considered or given more weight.

In essence, Hooks attempts to bring a sufficiency-of-the evidence challenge. But he dismissed this claim when given the option to proceed only on his Gagnon claim. He does not challenge the district court's determination that his sufficiency-of-the-evidence challenge was not exhausted, and he otherwise does not argue that the trial judge violated Gagnon by relying on judicial transcripts. Accordingly, Hooks has not shown he is entitled to a COA on his Gagnon claim.

**B**

Hooks' remaining claims are also meritless. He reasserts the challenges to the timing of his revocation proceedings rejected by the district court because they arise under Oklahoma law and are therefore not cognizable on federal habeas review. Because the Supreme Court has repeatedly emphasized that federal habeas review is limited to federal-law questions, see, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), no reasonable jurist could disagree with this conclusion.

5

Finally, Hooks appears to assert a new claim that the state had a conflict of interest in his revocation proceeding because the assistant district attorney who participated in that proceeding also made appearances in some of the state's other cases against him. We will not consider this new claim, raised for the first time in Hooks' application for a COA. See United States v. Perez, 955 F.2d 34, 36 (10th Cir. 1992). Even if we were to address it, Hooks does not explain how the state attorney's appearance raises a conflict of interest or how that appearance violated his constitutional rights. Although we liberally construe a pro se litigant's filings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we will not "fashion . . . arguments for him," United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Hooks' motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

6